IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MACALLA LEE KNOTT, a/k/a KAYLA;<br>JEFFREY ROBERT KNOTT;<br>DAVID ROBERT NOWLAN;<br>TIFFANY NINA KEOMANY;<br>KAYLA MARIE SCHUTZ;<br>TYLER NEIL PELZER;<br>DEMIAN HEBERT; and<br>OLIVER LOUIS DYLLA | **S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>Case No. 3:22-cr-00010<br><br>Violations:  21 U.S.C. §§ 846, 848(a), 848(b), 848(b)(2)(A), 848(c), 853, and 906(b)(3); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(d)(1), 982(a)(1), 1956(h), and 2; and 28 U.S.C. § 2461(c) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2019 and continuously until the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

MACALLA LEE KNOTT, a/k/a KAYLA;
JEFFREY ROBERT KNOTT;
DAVID ROBERT NOWLAN;
TIFFANY NINA KEOMANY;
KAYLA MARIE SCHUTZ;
TYLER NEIL PELZER;
DEMIAN HEBERT; and
OLIVER LOUIS DYLLA

did knowingly and intentionally combine, conspire, confederate, and agree together with Joseph Paul Myers Jr.; Robert Jon Ratka; Melanie Ann Quick; and Mary Rose Thompson, currently indicted in the District of North Dakota, in Case No. 3:22-cr-00011, and others, both known and unknown to the grand jury, to possess with intent to distribute and

distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and in excess of 5 kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Drug Quantity Finding

The grand jury specifically finds that to each of the named defendants, this conspiracy moved more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as provided in 21 U.S.C. § 841(b)(1)(A)(viii). The grand jury specifically finds that to each of the named defendants, this conspiracy moved more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as provided in 21 U.S.C. § 841(b)(1)(A)(ii). These amounts are attributable to the defendants as a result of their conduct and the conduct of other co-conspirators that was reasonably foreseeable to them.

## Prior Convictions

In accordance with Title 21, United States Code, Sections 841 and 851, the grand jury finds the following:

Before MACALLA LEE KNOTT, a/k/a KAYLA, committed the offenses charged in this Superseding Indictment, MACALLA LEE KNOTT, a/k/a KAYLA, had a final conviction for the following serious drug felony for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense: Controlled Substance Crime – 1st Degree Sale, in violation of Minnesota Statute

§ 152.021.1(1), in Stearns County, Minnesota, in Case No. 73-CR-16-6520, Judgment entered on October 26, 2017, in District Court, 7th Judicial District.

Before DAVID ROBERT NOWLAN committed the offenses charged in this Superseding Indictment, DAVID ROBERT NOWLAN had a final conviction for the following serious drug felony for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense: Controlled Substance Crime – 2nd Degree, in violation of Minnesota Statute § 152.022.2 (a)(1), in Stearns County, Minnesota, in Case No. 73-CR-14-667, Judgment entered on October 2, 2014, in District Court, 7th Judicial District.

Before DEMIAN HEBERT committed the offenses charged in this Superseding Indictment, DEMIAN HEBERT had two separate final convictions for the following serious drug felonies for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense:

1. Controlled Substance Crime – 2nd Degree Sale, in violation of Minnesota Statute § 152.022.1(2), in Dakota County, Minnesota, in Case No. 19HA-cr-15-507, Judgment entered on November 5, 2017, in District Court, 1st Judicial District; and

2. Controlled Substance Crime – 2nd Degree Sale, in violation of Minnesota Statute § 152.022.1(1), in Dakota County, Minnesota, in Case No. 19HA-cr-10-2713, Judgment entered on April 27, 2012, in District Court, 1st Judicial District.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.  Members of the conspiracy were receiving controlled substances directly from the Sinaloa cartel in Mexico. Controlled substances were imported into the United States and transported and shipped to Minnesota, North Dakota, and elsewhere in the United States for distribution. Members of the conspiracy paid money for these controlled substances directly or indirectly to Sinaloa cartel members in the United States and Mexico;

2.  It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

3.  It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing in excess of 5 kilograms of a detectable amount of cocaine, a Schedule II controlled substance, within the state of Minnesota, and elsewhere;

4.  It was further a part of said conspiracy that the defendants and others would and did use violence and the threat of violence to ensure payment and to attempt to conceal their activities;

5.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including various smart phone applications, in an effort to hide illicit communications from law enforcement;

6. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

7. On September 15, 2021, co-conspirators distributed approximately 28 grams (one ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

8. On September 21, 2021, co-conspirators distributed approximately 14 grams (1/2 ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

9. On September 28, 2021, co-conspirators distributed approximately 113 grams (4 ounces) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

10. On October 7, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Fargo, North Dakota;

11. On October 20, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Alexandria, Minnesota;

12. On October 21, 2021, co-conspirators possessed approximately 2,265 grams (5 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Melrose, Minnesota; and

13.  Defendant MACALLA LEE KNOTT, a/k/a KAYLA, was a leader, organizer, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

COUNT TWO

**Conspiracy to Import Controlled Substances into the United States**

The Grand Jury Further Charges:

From in or about January 2019 and continuously until the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

MACALLA LEE KNOTT, a/k/a KAYLA;
JEFFREY ROBERT KNOTT;
DAVID ROBERT NOWLAN;
TIFFANY NINA KEOMANY;
KAYLA MARIE SCHUTZ;
TYLER NEIL PELZER; and
DEMIAN HEBERT

did knowingly and intentionally combine, conspire, confederate, and agree together with the Joseph Paul Myers Jr.; Robert Jon Ratka; Melanie Ann Quick; and Mary Rose Thompson, currently indicted in the District of North Dakota, in Case No. 3:22-cr-00011, and others, both known and unknown to the grand jury, to import into the United States from Mexico, a mixture and substance containing methamphetamine, a Schedule II controlled substance, and in excess of 5 kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(b)(1)(A), 952(a), 960(a)(1), 960(b)(1)(H), and 963; and Title 18, United States Code, Section 2.

Drug Quantity Finding

The grand jury specifically finds that to each of the named defendants, this conspiracy moved more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as provided in 21 U.S.C. § 960(b)(1)(H). The grand jury specifically finds that to each of the named defendants, this

7

conspiracy moved more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as provided in 21 U.S.C. § 960(b)(1)(B). These amounts are attributable to the defendants as a result of their conduct and the conduct of other co-conspirators that was reasonably foreseeable to them.

Prior Convictions

In accordance with Title 21, United States Code, Sections 960 and 851, the grand jury finds the following:

Before MACALLA LEE KNOTT, a/k/a KAYLA, committed the offenses charged in this Superseding Indictment, MACALLA LEE KNOTT, a/k/a KAYLA, had a final conviction for the following serious drug felony for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense: Controlled Substance Crime – 1st Degree Sale in violation of Minnesota Statute § 152.021.1(1), in Stearns County, Minnesota, in Case No. 73-CR-16-6520, Judgment entered on October 26, 2017, in District Court, 7th Judicial District.

Before DAVID ROBERT NOWLAN committed the offenses charged in this Superseding Indictment, DAVID ROBERT NOWLAN had a final conviction for the following serious drug felony for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense: Controlled Substance Crime – 2nd Degree in violation of Minnesota Statute § 152.022.2 (a)(1), in Stearns County,

Minnesota, in Case No. 73-CR-14-667, Judgment entered on October 2, 2014, in District Court, 7th Judicial District.

Before DEMIAN HEBERT committed the offenses charged in this Superseding Indictment, DEMIAN HEBERT had two separate final convictions for the following serious drug felonies for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense:

1. Controlled Substance Crime – 2nd Degree Sale in violation of Minnesota Statute § 152.022.1(2), in Dakota County, Minnesota, in Case No. 19HA-cr-15-507, Judgment entered on November 5, 2017, in District Court, 1st Judicial District; and

2. Controlled Substance Crime – 2nd Degree Sale in violation of Minnesota Statute § 152.022.1(1), in Dakota County, Minnesota, in Case No. 19HA-cr-10-2713, Judgment entered on April 27, 2012, in District Court, 1st Judicial District.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. Members of the conspiracy were receiving controlled substances directly from the Sinaloa cartel in Mexico. Controlled substances were imported into the United States and transported and shipped to Minnesota, North Dakota, and elsewhere in the United States for distribution. Members of the conspiracy paid money for these controlled substances directly or indirectly to Sinaloa cartel members in the United States and Mexico;

2. It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

3. It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, within the state of Minnesota, and elsewhere;

4. It was further a part of said conspiracy that the defendants and others would and did use violence and the threat of violence to ensure payment and to attempt to conceal their activities;

5. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including various smart phone applications, in an effort to hide illicit communications from law enforcement;

6. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

7. On September 15, 2021, co-conspirators distributed approximately 28 grams (one ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

8. On September 21, 2021, co-conspirators distributed approximately 14 grams (1/2 ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

9. On September 28, 2021, co-conspirators distributed approximately 113 grams (4 ounces) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

10. On October 7, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Fargo, North Dakota;

11. On October 20, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Alexandria, Minnesota;

12. On October 21, 2021, co-conspirators possessed approximately 2,265 grams (5 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Melrose, Minnesota; and

13. Defendant MACALLA LEE KNOTT, a/k/a KAYLA, was a leader, organizer, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 963; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT THREE

**Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about January 12, 2022, in the District of Minnesota,

DAVID ROBERT NOWLAN

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: DAVID ROBERT NOWLAN did knowingly possess a firearm, namely, a Glock 27, Generation 4, .40 caliber firearm, serial number VWP361, in furtherance of the drug trafficking crimes set forth in Counts One and Two of this Superseding Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

COUNT FOUR

**International Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about January 2019 to the date of this Superseding Indictment, in the District of North Dakota, Minnesota and elsewhere,

>MACALLA LEE KNOTT, a/k/a KAYLA;
>JEFFREY ROBERT KNOTT;
>DAVID ROBERT NOWLAN;
>TIFFANY NINA KEOMANY;
>KAYLA MARIE SCHUTZ;
>TYLER NEIL PELZER; and
>DEMIAN HEBERT

did knowingly and willfully combine, conspire, confederate, and agree together and with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Sections 1956(a)(2)(B(i) and 1956(a)(2)(A), in that members of the conspiracy did knowingly and intentionally conduct and attempt to transfer, transmit, and transport monetary instruments or funds from the United States to Mexico as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution and importation of controlled substances, in violation of Title 21, United States Code, Sections 841, 846, 848, 952, 960, and 963, (1) knowing that monetary instruments or funds represented the proceeds of specified unlawful activity and that the transactions were designed in whole and in part to conceal the nature, source, location, ownership, or controls of specified unlawful activities, and (2) with the intent to promote a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(h).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.  As alleged in Counts One and Two of this Superseding Indictment, which are incorporated herein by reference, during the course of and to further said conspiracy, members of the conspiracy sold controlled substances and controlled substance analogues across the United States including, but not limited to, North Dakota, Minnesota, and elsewhere;

2.  During the time frame of the conspiracy, members of the conspiracy imported and distributed controlled substances. Co-conspirators then conducted numerous financial transactions including, but not limited to, money order services, money transfer services, and bank transfers, using U.S. currency, and currency application systems (mobile apps) to pay for controlled substances; and

3.  The purpose of transferring currency in this fashion was to promote the trafficking of controlled substances and controlled substance analogues from Mexico to the United States and to conceal the nature, source, location, ownership, or control of the proceeds;

In violation of Title 18, United States Code, Section 1956(h).

COUNT FIVE

**Continuing Criminal Enterprise**

The Grand Jury Further Charges:

From in or about January 2019 to the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota and elsewhere,

MACALLA LEE KNOTT, a/k/a KAYLA,

did knowingly and intentionally engage in a Continuing Criminal Enterprise in that she violated Title 21, United States Code, Sections 841(a)(1) and 846, including, but not limited to, the violations alleged in Counts One and Two of this Superseding Indictment, which are incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations.

These continuing series of violations were undertaken by MACALLA LEE KNOTT, a/k/a KAYLA, in concert with at least five other persons with respect to whom MACALLA LEE KNOTT, a/k/a KAYLA, occupied a position of organizer, supervisor, and manager. These people include, but are not limited to: (1) M.A.Q.; (2) J.R.K.; (3) T.N.K.; (4) J.P.M.; (5) K.M.S.; (6) J.W.G.; and (7) D.H.

From this continuing series of violations, MACALLA LEE KNOTT, a/k/a KAYLA, obtained a substantial income.

The United States specifically alleges that MACALLA LEE KNOTT, a/k/a KAYLA, was a principal administrator, organizer, and leader of the enterprise and the enterprise

moved at least 15 kilograms of a mixture and substance containing methamphetamine, 300 times the drug quantity described in 21 U.S.C. § 841(b)(1)(B).

In violation of Title 21, United States Code, Sections 848(a), 848(b), 848(b)(2)(A), and 848(c).

FORFEITURE ALLEGATION – ONE

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of Counts One and Four as alleged in this Superseding Indictment,

>MACALLA LEE KNOTT, a/k/a KAYLA;
>JEFFREY ROBERT KNOTT;
>DAVID ROBERT NOWLAN;
>TIFFANY NINA KEOMANY;
>KAYLA MARIE SCHUTZ;
>TYLER NEIL PELZER;
>DEMIAN HEBERT; and
>OLIVER LOUIS DYLLA

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained, directly or indirectly as a result of the violations of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 1956(h), any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to:

- $ 1,785 in United States currency;

- $10,000,000 in United States currency.

If any of the forfeitable property as a result of any act or omission of the defendant(s):

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third party;

      (c)  has been placed beyond the jurisdiction of the court;

      (d)  has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

FORFEITURE ALLEGATION - TWO

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of Count Three of this Superseding Indictment,

DAVID ROBERT NOWLAN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all firearms involved in the commission of the offense, including, but not limited to:

- One Glock 27, Generation 4, .40 caliber firearm, serial number VWP361.

A TRUE BILL:

/s/ Foreperson  
Foreperson

/s/ Nicholas W. Chase  
NICHOLAS W. CHASE  
United States Attorney

CCM:ld